UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No.   08-cr-279-3 (DLF) |
| | : | |
| v. | : | |
| | : | |
| **DEANDRE TOLSON,** | : | |
| | : | Sentencing: October 10, 2024 |
| Defendant | | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing.

**PRELIMINARY STATEMENT**

In this case, the United States requests the imposition of the maximum allowable sentence—33 months of incarceration—given the length of the Defendant's criminal history and his pattern of noncompliance with the conditions of his supervised release.   This sentence would constitute no greater deprivation of liberty than is reasonably necessary, and such deprivation of liberty is warranted to achieve the sentencing goals.   This sentence provides appropriate punishment to the Defendant, as well as serving as a deterrent for others under the Court's supervision.

**BACKGROUND**

**I.       Facts of the Instant Offense**

In 2008, the Defendant was convicted of Carjacking and Kidnapping in Aid of Racketeering Activity for his role in the June 2008 carjacking of a man in Virginia and the kidnapping, assault, and forced prostitution of an 18-year-old woman in Washington D.C.   At

that time the Defendant was purported to be the second in command of the 662 Boss Piru street gang.  As a result, he was sentenced to 168 months of incarceration, followed by five years of supervised release.   The Defendant was released in December of 2020, and he immediately failed to report to the U.S. Probation Office to begin supervision.

Instead, the Defendant apparently traveled to the State of Ohio, where in 2021, he was arrested during a traffic stop and found to be in possession of a stolen revolver.   He was subsequently convicted of Tampering with Evidence and was sentenced to 24 months of incarceration followed by 3 years of probation.   The Defendant was released from incarceration in that case in May 2023.

Since then, the Defendant returned to the District, where he has been arrested two more times: first on November 16, 2023 for Possession with Intent to Distribute a Controlled Substance (D.C. Superior Court # 2023 CF2 008425), and again on December 2, 2023, for *inter alia* Possession with Intent to Distribute a Controlled Substance while Armed, Felon in Possession of a Firearm (D.C. Super. Ct. # 2023 CF2 008945).

In December of 2023, the U.S. Probation Office filed a petition in this matter in which they alleged several violations of conditions of his supervised release. The Court signed the petition and issued a Probation/Supervised Release Warrant on December 22, 2023.

On July 12, 2024, pursuant to a global plea agreement, the Defendant was convicted in D.C. Superior Court of Unlawful Possession of a Firearm (Prior Conviction and Crime of Violence, in case number 2023 CF2 008945[1], and sentenced to three years of imprisonment followed by three years of supervised release.

---

[1] As part of the global plea agreement, the government agreed to dismiss 2023 CF2 008425.

## II. Defendant's Background and Criminal History

The Defendant has a lengthy criminal history going back to 2004. In April 2006, the Defendant was arrested for First Degree Theft and sentenced to 18 months of incarceration. He was then placed on one year of supervised probation following the suspension of the sentence. This probation eventually expired unsatisfactorily in August of 2007.

Later that same year, in October 2006, the Defendant was arrested for Attempted Robbery and sentenced to 24 months of incarceration. The execution of this sentence was again suspended, and the Defendant was placed on 18 months of supervised release and ordered to pay a $100 fine and engage in mental health assessment and treatment, anger management programming, and 80 hours of community service.

The Defendant went on to miss one office appointment before being re-arrested for First Degree Sex Abuse in June 2008, related to the activity described above in the present matter. In 2009, as a result of this arrest, the Defendant's probation was revoked to 24 months incarceration and another fine of $100 was ordered. This sentence was to run concurrently with ongoing District Court matters, and a period of three years of supervised release was to follow his release from prison.

After being released from prison in 2020, the Defendant failed to report to the Probation Office and instead continued his criminal behavior. The Defendant is a habitual offender and continues to be noncompliant with the conditions of his supervised release. He has been on supervised release for both of his two previous convictions, and each time, his supervision has been revoked due to new violations and other criminal conduct.

Even while incarcerated, the Defendant continues to be noncompliant; between 2010 and 2019, during which time the Defendant was incarcerated, he incurred multiple disciplinary infractions, including several violations for Refusing to Obey an Order, Being Insolent to Staff Members, Assault, and other violations. It seems evident that the Defendant does not intend to comply with the terms of any supervision and for these reasons that the Government recommends the maximum allowable sentence.

## SENTENCING FACTORS

### I.  Generally Applicable Legal Principles

When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a).   See *United States v. Gall*, 128 S. Ct. 586, 596 (2007).   The listed factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for –
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
>     (i) issued by the Sentencing Commission ...;

>> and
>> (ii) that, . . . are in effect on the date the defendant is sentenced; ...
>
> (5) any pertinent policy statement –
>> (A) issued by the Sentencing Commission ... and
>> (B) that, . . . is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**II.     Guidelines Calculations**

There are three grades of probation and supervised release violations as described in U.S.S.G. 7B1.1(a):

> (1) Grade A violations – Conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves the possession of a firearm or of a destructive type described in 26 U.S.C.A. § 5845(a) (West).
>
> (2) Grade B Violations – Conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding on year,
>
> (3) Grade C Violations – Conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment, offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

Where there is more than one violation of the conditions of supervision, or where the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. U.S.S.G. 7B1.1(b).

Considering the Defendant's criminal history category, and since he was on probation or supervised release as a result of a sentence for a Class A felony, the applicable sentencing range under the Revocation Table is 27-33 months.   U.S.S.G. 7B1.4.

### GOVERNMENT'S RECOMMENDED SENTENCE

In this case, the Defendant's conduct constitutes a Grade A violation.   Given the Defendant's criminal history and noncompliance with the conditions of his supervised release, a sentence of 33 months imprisonment, the maximum allowable sentence in this case, is appropriate to address the Defendant's conduct.   The recommended sentence poses no greater deprivation of liberty than is reasonably necessary, and that such deprivation is warranted to achieve the sentencing goals.

The Defendant has repeatedly shown through his actions that being afforded pre-trial or post- conviction release has never deterred him from future criminal activity. This is the defendant's sixth felony conviction.   He has prior felony convictions for First Degree Theft in 2006, Attempted Robbery in 2006, Kidnapping in Aid of Racketeering Activity and Carjacking in 2008.   He has now suffered two additional felony convictions while on supervision in this case.   The Defendant has also previously had his probation revoked and terminated unsatisfactorily on multiple occasions.

As previously mentioned, the Defendant committed the instant offense while on federal supervised release, state post-conviction release, and pretrial supervision. Given the facts surrounding this case and the Defendant's history of noncompliance and inability to abide by the conditions of supervised release, a sentence of 33 months incarceration, consecutive to his sentence in 2023 CF2 008945, is warranted.

For violating the terms of his supervision, the Government concurs with the recommendation of probation and requests a sentence of 33 months consecutive to his sentence in D.C. Superior Court Case 2023 CF2 008945.

## CONCLUSION

For the reasons set forth above, the government respectfully recommends that the Court sentence the Defendant as described above.

Respectfully submitted,

MATTHEW GRAVES
UNITED STATES ATTORNEY
D.C. BAR NO. 481052

_____
DANIEL SEIDEL
ASSISTANT UNITED STATES ATTORNEY
CO Bar Number 41521601
United States Attorney's Office
601 D St. NW
Washington, DC 20530
202-252-7619
daniel.seidel@usdoj.gov